ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT - 6 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA

*v.*

GUSTAVO ROJANO SALAZAR,
GABRIEL ROJANO SALAZAR,
AND
ANDRES HUERTA RENDON

Criminal Indictment

No. 1:26CR-466

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At times relevant to this Indictment:

1. The Defendants, GUSTAVO ROJANO SALAZAR and GABRIEL ROJANO SALAZAR, were brothers and citizens of Mexico, and both resided in the Atlanta, Georgia area, in the Northern District of Georgia. The Defendant, ANDRES HUERTA RENDON, was a citizen of Mexico and resided in the Atlanta, Georgia area, in the Northern District of Georgia.

2. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

3. A Form 1040, U.S. Individual Income Tax Return ("Form 1040") was a tax return filed with the IRS wherein a taxpayer reported, among other items, the taxpayer's income, deductions and credits, and the amount of tax owed or tax refund claimed.

4. An Individual Taxpayer Identification Number ("ITIN") was a nine-digit number issued by the IRS to individuals who were required for federal tax purposes to have a U.S. taxpayer identification number, but who did not have and were not eligible to get a social security number ("SSN"). Any individual who was not eligible to get an SSN but who must furnish a taxpayer identification number for U.S. tax purposes or to file a U.S. federal tax return had to apply for an ITIN on IRS Form W-7 (Application for IRS Individual Taxpayer Identification Number).

5. The Form W-7 required that the applicant provide documentation that established his or her identity and connection to a foreign country, submit original documents, or certified copies of these documents from the issuing agency, that supported the information provided on Form W-7, and provide current documentation, which meant documentation that was not expired. When applying for an ITIN, the applicant was required to submit the following in the application package: completed Form W-7, original tax return(s) for which the ITIN was needed, and original documents, or certified copies of these documents to support the Form W-7.

**COUNT ONE**

Conspiracy to Commit Mail and Wire Fraud
(18 U.S.C. § 1349)

6. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 5 of this Indictment as if fully set forth herein.

7. Beginning at least in or about January 2019 and continuing until the present, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and co-conspirators, both known and unknown to the Grand Jury, to:

a. knowingly devise and intend to devise a scheme and artifice to defraud the IRS, and to obtain money and property from the IRS, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme and artifice to defraud, to cause to be sent and delivered by the Postal Service and by commercial interstate carriers, matters and things, and taken and received from the Postal Service and by commercial interstate carriers matters and things that had been delivered by the Postal Service and by commercial interstate carriers, in violation of Title 18, United States Code, Section 1341; and

b. knowingly devise and intend to devise a scheme and artifice to defraud the IRS, and to obtain money and property from the IRS, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing the scheme and artifice to defraud, to cause wire

communications to be made in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

*Manner and Means*

8. To accomplish the purpose of the conspiracy, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, and co-conspirators used, and caused co-conspirators to use, the following manner and means:

9. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators obtained and caused to be obtained Post Office ("P.O.") boxes to receive mail connected to the scheme, including IRS correspondence and U.S. Treasury Checks. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators opened and renewed and caused to be opened and renewed the P.O. Boxes in the names of other individuals. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators used, among other things, fabricated vehicle insurance policy documentation to open the P.O. Boxes.

10. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators received Mexican identification documents for various individuals, including, among others, voter registration cards and birth certificates.

11. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators received some of the Mexican identification documents from Mexico.

12. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators, using the Mexican identification documents, applied for and obtained ITINs in the names of the individuals listed on those documents (the "Mexican ITIN holders"), and directed the IRS to send correspondence for those ITINs to P.O. Boxes controlled by GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators.

13. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators obtained SSNs of U.S. Citizens and legal permanent residents without their authorization.

14. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators prepared false and fraudulent IRS Forms W-2 (Wage and Tax Statements) using the names of the Mexican ITIN holders and using SSNs of U.S. Citizens and legal permanent residents without their authorization. The Forms W-2 also listed employers for whom the Mexican ITIN holders did not work and listed fictitious wages and withholdings.

15. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators prepared and filed and caused to be prepared and filed fraudulent tax returns in the names of the

Mexican ITIN holders, claimed the fictitious Forms W-2, and directed the anticipated refunds to be mailed to P.O. Boxes controlled by GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators.

16. In instances where the IRS, relying on the false and fraudulent information that was submitted, unwittingly issued and mailed a refund in the form of a U.S. Treasury check, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators fraudulently endorsed and caused to be endorsed the U.S. Treasury tax refund checks that were made payable to the Mexican ITIN holders.

17. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators caused fraudulently issued U.S. Treasury tax refund checks to be cashed at Company A, a check cashing business located in the Northern District of Georgia. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators cashed over 16,000 U.S. Treasury tax refund checks worth approximately $74 million at Company A. Individual A was one of the owners of Company A.

18. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, Individual A (an owner of Company A), and co-conspirators communicated with each other by sending electronic text messages, some of which contained pictures.

19. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, Individual A, and co-conspirators took steps to conceal the existence of the scheme.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FIFTY

Mail Fraud

(18 U.S.C. § 1341)

20. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 5 and 8 through 19 of this Indictment as if fully set forth herein.

21. On or about the dates set forth in the table below, in the Northern District of Georgia and elsewhere, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, aided and abetted by each other and others known and unknown to the Grand Jury, having knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did, with the intent to defraud, for the purpose of executing the above-described scheme, knowingly cause to be sent and delivered by, and take and receive from, the Postal Service and commercial interstate carriers, matters and things described below:

| Count | Date of Mailing or Delivery | Mailing |
|---|---|---|
| 2 | November 1, 2021 | 2017 Form 1040 for M.C.S. with the Form W-7 ITIN application |
| 3 | November 19, 2021 | 2017 Form 1040 for H.P.M. with the Form W-7 ITIN application |
| 4 | April 18, 2022 | 2021 Form 1040 for J.M.S. |
| 5 | April 18, 2022 | 2021 Form 1040 for M.H.M. |
| 6 | April 18, 2022 | 2021 Form 1040 for L.H.G. |
| 7 | July 18, 2022 | 2020 Form 1040 for H.P.M. |
| 8 | August 25, 2022 | 2020 Form 1040 for G.O.M. |
| 9 | September 30, 2022 | U.S. Treasury Check from IRS addressed to H.P.M. at a P.O. Box in Senoia, Georgia in the amount of $3,963.23 |
| 10 | December 9, 2022 | U.S. Treasury Check from IRS addressed to M.C.S. at a P.O. Box in Senoia, Georgia in the amount of $4,194.50 |
| 11 | December 9, 2022 | U.S. Treasury Check from IRS addressed to M.C.S. at a P.O. Box in Senoia, Georgia in the amount of $4,626.06 |
| 12 | December 19, 2022 | 2019 Form 1040 for S.L.R. |
| 13 | March 5, 2023 | 2022 Form 1040 for A.H.J. |
| 14 | March 26, 2023 | 2022 Form 1040 for J.C.P. |
| 15 | March 28, 2023 | 2022 Form 1040 for C.S.D. |
| 16 | April 12, 2023 | 2021 Form 1040 for C.S.D. |

| Count | Date of Mailing or Delivery | Mailing |
|---|---|---|
| 17 | April 18, 2023 | 2020 Form 1040 for C.S.D. |
| 18 | May 9, 2023 | 2022 Form 1040 for I.A.P. |
| 19 | May 15, 2023 | 2022 Form 1040 for M.D.Y. |
| 20 | May 19, 2023 | U.S. Treasury Check from IRS addressed to C.S.D. at a P.O. Box in Palmetto, Georgia in the amount of $3,807.63 |
| 21 | May 26, 2023 | U.S. Treasury Check from IRS addressed to C.S.D. at a P.O. Box in Atlanta, Georgia in the amount of $4,786.00 |
| 22 | May 26, 2023 | U.S. Treasury Check from IRS addressed to C.S.D. at a P.O. Box in Palmetto, Georgia in the amount of $4,001.00 |
| 23 | September 1, 2023 | U.S. Treasury Check from IRS addressed to M.D.Y. at a P.O. Box in McDonough, Georgia in the amount of $4,335.56 |
| 24 | September 22, 2023 | U.S. Treasury Check from IRS addressed to J.G.G. at a P.O. Box in Sunny Side, Georgia in the amount of $4,056.12 |
| 25 | October 27, 2023 | 2019 Form 1040 for A.T.H. with the Form W-7 ITIN application |
| 26 | December 28, 2023 | 2020 Form 1040 for V.F.A. with the Form W-7 ITIN application |
| 27 | January 3, 2024 | 2022 Form 1040 for M.R.H. |
| 28 | March 14, 2024 | 2022 Form 1040 for E.S.D. |

| Count | Date of Mailing or Delivery | Mailing |
|---|---|---|
| 29 | March 14, 2024 | 2022 Form 1040 for M.G.G. |
| 30 | April 2, 2024 | 2023 Form 1040 for E.S.G. |
| 31 | April 4, 2024 | 2023 Form 1040 for A.T.H. |
| 32 | June 3, 2024 | U.S. Treasury Check from IRS addressed to M.R.H. at a P.O. Box in Mableton, Georgia in the amount of $3,950.49 |
| 33 | June 28, 2024 | U.S. Treasury Check from IRS addressed to H.P.M. at a P.O. Box in Senoia, Georgia in the amount of $3,695.95 |
| 34 | June 28, 2024 | U.S. Treasury Check from IRS addressed to H.P.M. at a P.O. Box in Senoia, Georgia in the amount of $4,600.00 |
| 35 | August 2, 2024 | U.S. Treasury Check from IRS addressed to A.T.H. at a P.O. Box in Senoia, Georgia in the amount of $4,808.99 |
| 36 | October 16, 2024 | 2023 Form 1040 for E.C.M. |
| 37 | October 23, 2024 | 2023 Form 1040 for M.R.S. |
| 38 | March 5, 2025 | 2024 Form 1040 for M.C.S. |
| 39 | March 24, 2025 | 2024 Form 1040 for D.P.B. |
| 40 | March 24, 2025 | 2024 Form 1040 for S.H.R. |

| Count | Date of Mailing or Delivery | Mailing |
|---|---|---|
| 41 | April 10, 2025 | U.S. Treasury Check from IRS addressed to M.C.S. at a P.O. Box in Senoia, Georgia in the amount of $3,571.00 |
| 42 | April 14, 2025 | 2024 Form 1040 for L.H.G. |
| 43 | April 29, 2025 | 2024 Form 1040 for B.R.M. |
| 44 | July 24, 2025 | 2024 Form 1040 for V.F.A. |
| 45 | September 4, 2025 | 2024 Form 1040 for J.D.B. |
| 46 | September 19, 2025 | U.S. Treasury Check from IRS addressed to V.F.A. at a P.O. Box in Atlanta, Georgia in the amount of $4,271.95 |
| 47 | September 26, 2025 | U.S. Treasury Check from IRS addressed to A.F.B. at a P.O. Box in Experiment, Georgia in the amount of $3,616.47 |
| 48 | October 1, 2025 | 2024 Form 1040 for S.L.R. |
| 49 | October 10, 2025 | U.S. Treasury Check from IRS addressed to A.F.B. at a P.O. Box in Experiment, Georgia in the amount of $4,530.53 |
| 50 | August 21, 2026 | U.S. Treasury Check from IRS addressed to V.F.A. at a P.O. Box in Atlanta, Georgia in the amount of $4,340.29 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT FIFTY-ONE**
Conspiracy to Commit Money Laundering
(18 U.S.C. § 1956(h))

22. The Grand Jury re-alleges and incorporates by reference the factual allegations in paragraphs 1 through 5 and 8 through 19 of this Indictment as if fully set forth herein.

23. Beginning at least in or about January 2019 and continuing until the present, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and co-conspirators, both known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and conspiracy to commit these offenses, in violation of Title 18, United States Code, Section 1349, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

*Manner and Means*

24. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators caused fraudulently issued U.S. Treasury tax refund checks that were obtained through the specified unlawful activities of mail fraud, wire fraud, and mail and wire fraud conspiracy to be cashed at Company A.

25. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, Individual A (an owner of Company A), and co-conspirators communicated with each other by sending electronic text messages, some of which contained pictures, regarding the cashing of the U.S. Treasury tax refund checks.

26. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators provided Individual A with a percentage of the face value of the checks for cashing the fraudulently issued U.S. Treasury tax refund checks. GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, ANDRES HUERTA RENDON, and co-conspirators, at times, obtained cashier's checks to pay Individual A's fees and made the cashier's checks payable to third parties as directed by Individual A.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTY-TWO

False Statements in an Immigration Application
(18 U.S.C. § 1546(a))

27. The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs 1 through 5 of this Indictment as if fully set forth here.

28. On or about October 3, 2023, in the Northern District of Georgia, the Defendant, GUSTAVO ROJANO SALAZAR, knowingly subscribed to as true under penalty of perjury under Section 1746 of Title 28 of the United States Code at least one false statement, as described below, with respect to a material fact in an application to adjust his immigration status to become a lawful permanent resident of the United States, specifically a United States Citizenship and Immigration Services Form I-485, "Application to Register Permanent Residence or Adjust Status," a document required by the immigration laws and regulations prescribed thereunder. These false statements, made under penalty of perjury, included the following:

a. When asked on the Form I-485: "Have you EVER committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime)?" Defendant GUSTAVO ROJANO SALAZAR falsely stated "No" by checking a box, when in fact, as he then well knew he had committed a crime.

All in violation of Title 18, United States Code, Section 1546(a).

**COUNT FIFTY-THREE**
False Statements in an Immigration Application
(18 U.S.C. § 1546(a))

29. The Grand Jury realleges and incorporates by reference the factual allegations in paragraphs 1 through 5 of this Indictment as if fully set forth here.

30. On or about May 19, 2023, in the Northern District of Georgia, the Defendant, GABRIEL ROJANO SALAZAR, knowingly subscribed to as true under penalty of perjury under Section 1746 of Title 28 of the United States Code at least one false statement, as described below, with respect to a material fact in an application to adjust his immigration status, specifically a United States Citizenship and Immigration Services Form I-589, "Application for Asylum and for Withholding of Removal," a document required by the immigration laws and regulations prescribed thereunder. These false statements, made under penalty of perjury, included the following:

a. When asked on the Form I-589: "Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?" Defendant GABRIEL ROJANO SALAZAR falsely stated "No," when in fact, as he then well knew he had committed a crime.

All in violation of Title 18, United States Code, Section 1546(a).

## FORFEITURE PROVISION

31. Upon conviction for any of the offenses alleged in Counts One through Fifty of the Indictment, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited to, a personal money judgment equal to the amount of proceeds obtained as a result of the offense.

32. Upon conviction for the offense alleged in Count Fifty-One of this Indictment, the Defendants, GUSTAVO ROJANO SALAZAR, GABRIEL ROJANO SALAZAR, and ANDRES HUERTA RENDON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, a personal money judgment equal to the amount of property involved in the offense.

33. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property

A TRUE BILL

FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

KELLY K. CONNORS
*Assistant United States Attorney*
Georgia Bar No. 504787

MICHAEL C. BOTELER
*Senior Litigation Counsel*
U.S. Department of Justice
National Fraud Enforcement Division
DC Bar No. 474604

600 U.S. Courthouse
Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181